[Print in black ink all areas in bold letters. This summons must be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

RECEIVED
N.Y.C.H.A.
LAW DEPARTMENT
2021 JUN 17 P 12: 48

**SUMMONS**

Shyamal Ghosh
[your name(s)]
   Plaintiff(s),

Index Number: 100777/021

- against -

New York City Housing Authority
[name(s) of party being sued]
   Defendant(s),

Date Index Number Purchased _____, 20__

------------------------------------------------------------X

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 6.16, 2021
[date of summons]

[sign your name]

Shyamal Ghosh
[print your name]

NEW YORK
COUNTY CLERK'S OFFICE

JUN 17 2021

NOT COMPARED
WITH COPY FILE

[your address and telephone number]
42-52 Layton St. 1D
Elmhurst, NY 11373
646-220-6400

[name and address of defendant(s)]
New York City Housing Authority
90 Church Street
New York, NY 10007

[name and address of defendant(s)]

Venue: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is:
☐ Plaintiff's(s') residence in New York County
☑ Defendant's(s') residence in New York County
☐ Other [See CPLR Article 5]:

CommenceAction – Rev. March 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------

In the Matter of the Complaint of:

SHYAMAL GHOSH,

            Complainant,

---------- against -----------------

NEW YORK CITY HOUSING AUTHORITY,

           Respondent.

-----------------------------------------------------------

Index No. 100777/021
Complaint: Retaliation & harassment following discrimination case

RECEIVED
LAW DEPARTMENT
2021 JUN 17 P 12:49

NEW YORK
COUNTY CLERK'S OFFICE
JUN 17 2021
NOT COMPARED
WITH COPY FILE

Shyamal Ghosh, complaining of Respondent, alleges as follows:

1. Complainant Shyamal Ghosh is 57 years old Southeast Asian. Complainant address is 42-52 Layton Street, Apt. 1D, Elmhurst, Queens, NY 11373 working for NYCHA since July 2002.
2. Respondent New York City Housing Authority ("NYCHA") is an employer as defined by § 8-102 of the Administrative Code of the City of New York ("Code"). Its employees' number is around eleven thousand or more. Respondent NYCHA's address for service of process is 90 Church Street, New York, NY 10007.
3. Complainant begins an entry level job (Housing Assistant) with NYCHA regardless of his extensive experience in research and health professional studies because of (a new emigrant, Complainant) job searching in the United States and because of respondent (HR, Ms. Young office) told him without NYCHA experience complainant will not get a chance to work as a Research Scientist with NYCHA.
4. Complainant successfully passed all provisional stages of evaluations to become a permanent employee with the respondent, NYCHA and gathered NYCHA job experiences and made proactive and voluntary contribution to other areas whenever an opportunity come, and respondent asked for. Thus, in many areas of NYCHA, complainant's contribution was accepted, appreciated but not rewarded (Attachment-8/ Ref: Ms. Davis Ms. Farmer & Mr. Scotland mail).
5. Discrimination starts with complainant in 2006 when complainant apply for the vacancy posting of Research Scientist position, the job that appropriately goes with complainant education and experience which is a managerial level position. Complainant, I was considered for that Research Scientist position I applied in 2006

and was interviewed -for the first time since started working for NYCHA in July 2002. I (Complainant) was not selected for the position and job was given to another candidate did not have research scientist experience according to job description which was evidenced by an inquiry through the NYCHA's FOIL unit & Human Resources (HR). Complainant found the person who was selected was previously known to the respondent related department and different to Complainant by race, ethnicity, national origin, and age. There was none in the department like complainant ethnicity or similar. Also noticed, and job interviewers during interview laughed at complainant asking his national origin, marital status, educational background, and age. Also spoke about things not related to the job interview.

6. Immediately then, complainant makes a complaint with Respondent Human Recourse (HR) but HR responses was, the job was not required the experiences described in the job description or vacancy notice. As a result of Complainant complaint Respondent's HR contacted to Complainant (my) prior job and investigated with my prior job supervisors and my past experiences which was verified after my complaint, and I was advised to apply for the next one vacancy coming.

7. Since then, to till date, I, Complainant applied for more than 300 jobs applications at Respondent NYCHA such as Research Scientist (level 1, 2, 3), Community Coordinators (Health initiatives, REES, Community Development, Healthy Home), and supervisory position for Community Coordinator (Resident Engagement Director, Administrator, Health Educators, Health Initiatives -Senior Manager, NYCHA - Health Officer (EH&S) and subordinate positions of EH&S up to June 9 th, 2021 but not hired for any one of them. Respondent selected candidates less qualified than the vacancy announcement. (Attachment -1: Article 78 Affidavit /Affirmation, Ex. GG). Complainant was qualified for each of the positions he applied. The selected candidates are differed with complainant as it was differed with research scientist position hiring. Complainant's inquiry with those department where got access available, it was evident that no one have selected of complainant's national origin, age, and ethnicity.

8. Complainant qualified for all the vacancies applied in the paragraph 7 was hijacked intentionally and put me as unqualified (Attachment -2 ) for several years (from 2007 to 2012) since complainant complained on NYCHA discrimination in hiring with HR and this retaliation was consistent and was keep going until it was addressed with public advocates who spoke with NYCHA. As a result, complainant's status of application changed from non-qualified to qualified (around 2013) but the harassing and retaliation did not stop, remained consistent one way or the others. Respondent's HR marked qualified in record for those position previously marked as unqualified (Attachment 1, Ex. FF, mail from Diedra

Gilliard) but did not send complaint application (resume) to hiring pool to be considered for a possible interview or hiring and thus many hiring managers could not have the chance to consider for complainant application applied with HR and showed interest in vacancy opening. It was also verified with some of the concerned hiring managers (Attachment-1, Ex..FF , mail from Tonya Gayle). Also in some cases, the hiring program received a special note from NYCHA HR on my application which was also mentioned by some of the hiring manager that the hiring manager was not independent to select complainant regardless to they think I am the best candidate for the position or deserve more better. Respondent HR instructional message to the hiring pool / manager was I could be interviewed but not to be selected. (Attachment /Reference: interview with Ms. Adriana Mata and Ms. Karen, Patterson, Ms. Taylor).

9. NYCHA's HR in some cases directed hiring manager to interview me for the position I did not applied ( not match with qualification) for it when I (complainant) made inquiry about the interested position I applied with HR or hiring manager claimed for not received my application from HR ( One specific example: I applied for Health Initiative senior manager position, M2 level but interviewer asked me to be interviewed for community operation - economist position ,M4 level position(more senior level than one I applied) which I did not even apply being not experienced in that area (Attachment-1, Ex.GG, & FF). My expertise are in research scientist job and I applied for more than dozens of Research Scientist vacancies (last one around February, 2021) after the first complaining on hiring discrimination and was never again considered since I complained on discrimination in research scientist hiring in /around 2006/2007 and the department's hiring manager advised me to contact HR because they did not receive my application (resume) to be considered (Attachment /Reference..S. Louis mail).

10. **Respondent's retaliation extended further** by using my(complainant) supervisors (incompetent, evident with executive level) to dominate complainant (my) creativity and contribution in non-curricular activities like the suggestions to NYCHA executives(desired) that was appreciated several times and was proven that NYCHA is benefited from exercising (Attachment -8 / Reference-). Respondent's HR ( Example, Harvey Chaitoff) made false whispering to Borough Director /Administrator against complainant (me) which was reached to complaint immediate supervisors too, as a result, complainant was treated differently. In many occasions' supervisors made special & challenging assignment to document my performance and competency which was not imperial to other coworkers and some of those incidences are disclosed later to complainant about the fact and motive (Ref. Alexander, Mclean, Taylor). Supervisor issued memos being instructed by their supervisor many times it was discriminatory and extended retaliation and last

time it was evidenced from 11/2/2020 memo issued (that filed in complainant performance record and used for promotional /competency under scoring), and the supervisor disclosed the fact in a meeting in present with union representative in March 2021. (Attachment 1, Ex.CC; Ex.II; Attachment 3)

11. After a certain point of persistent retaliation that complaint overcome it by hard work and competency NYCHA start playing a TOM and JERRY game with complainant, one-way executives suggest for complainant's opinion in NYCHA transformation, creative advice for bellow supervising performance (acknowledged and appreciated) and on the other side use those supervisors(incompetent) to consistently retaliate upon the complainant.

12. With the evaluation for special assignment Respondent treated Complainant differently with higher expectations than other same level employees and every time I , complainant worked harder and proved (competency) successfully, it could be verifiable (from reference and cross-questioning) with executive Stephanie Davis, Kerri Jew, Celeste M. Glenn and her subordinate Sybille Louis & Ying-Meng Liu (Research D.), & Yvonne Armstrong(EH&S) her subordinates, Andrea Mata (HI), Ms. Jenelle Hudson (RED), HR director Ms. Nicole Van Gendt & her subordinate Harvey Chaitoff,, EEO Director Ms. Celeste Segure , NYCHA attorney Tracy Forrest, borough administrator Mr. E. Mendez, Mr. M. Alexander, Ms.. Renee Tailor (agreed to submit a counter-complaint against supervisory memo issued upon complainant (me) which was her instruction and a pitch of evidence of Respondent supervising incompetency), manager Ester Farmer, F. Rios, L. Scotland, and Local 237. (Attachment- 3)

13. This case filing with CCHR (M-E-ARO-17-1035223, Federal Charge No.: 16F-2017-00142) was a long-struggling experience of a furious journey to complainant and it is mentioned in article 78 appeal Affidavit in opposition cross-motion/Affirmation with NYC Supreme Court (Index No. 101709/17). Complainant requests full consideration of it and related documents to pursue a judgment. (Attachment -1: Article 78 Affidavit/Affirmation) Article 78 review gave permission to complainant to sue opposing respondent & CCHR motion. Judgment also determined that CCHR spend more than two years on this case but claimed did not review the case for different interest (Attachment-4)

14. Before that complainant filed a hiring malpractice -nepotism, retaliation, harassment, and discrimination complaint with Respondent Equal Employment Opportune department in 2014, 2015, and after. Also complained with the IG office and NYC Mayors' office because of there was circumstantial evidence of corruption linked with this hiring discrimination and retaliation. (attachment-11). (Attachment/Reference -mail with mayor. NYCHA monitor, IG). Mayor offices forward it to IG and IG froward it to EED and EED forward it to HR and Law Department. Even NYCHA's EED lied to an inquiry from Queens Borough

President office in this matter (**Attachment -5**) Thus, it was circling, and retaliation was aggravating more and more with different ways of extension.

15. Complainant charges that Respondent has discriminated against him in the terms, conditions, and/or privileges of his employment by declining to hire or promote him because of his race, color, and age in violation of § 8-107(1)(a) of the Code and has damaged him thereby.

16. Complainant charges that Respondent has retaliated against him by refusing to hire him after he opposed race, color, and age discrimination in violation of § 8-107(7) of the Code and has damaged him thereby.

17. Complainant charges that Respondent has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based on race and retaliation, (and authorizes the New York City Commission on Human Rights to accept a Verified Complaint on behalf of the Equal Employment Opportunity Commission, subject to the statutory limitations contained therein).

18. Complainant also charges that Respondent has violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., on the bases of age and retaliation, (and authorizes the New York City Commission on Human Rights to accept this Verified Complaint on behalf of the Equal Employment Opportunity Commission, subject to the statutory limitations contained therein).

19. Since the article 78 filed followed by an affirmation in opposition to cross-motion later around April 16, 2018, with NYC Supreme Court, respondent retaliation aggravated and extended further. Responded did not give references required for Complainant online graduate-level course study (nationally graded 12 th) with George Washington, also did not approve for an article prepared for HUD (Healthy Home) Program, also forbidden complainant's immediate supervisor to give reference (mandatory) for graduate-level schooling. (Attachment /Reference -mail from W. Shapiro).

20. All the time Complainant was disrespected, harassed, and retaliated with the progress of complainant made hiring discrimination complaint against respondent internally and then externally. Respondent internal EEO department harassment complainant once brought attention to Responded Law Department but there was no assistance from their also. Although respondent NYCHA's general counsel was demoted, and new counsel appointed in the meantime still did not make any difference in terms of complainant consistent sufferings and it was repeatedly acknowledged. It was brought attention to NYCHA monitor (Bart M. Schwartz) also but there was no assistance for remedy also. At the field level complainant was not granted for seniority right that the DCAS and Government job policy applies, the complainant was asked and sometime instructed to do other coworkers job allowing them babysitting at work and permitting them to do personal business at work and gave all job opportunity and favoritism including promotional assignment and promotion and they are differed with complainant by race, age, and national origin (Attachment -7, Attachment 1, Ex. II).

21. Complainant was COVID infected because of supervising incompetency and treating differently for safety and personal protection that was also a violation of NYC and NY State policy on COVID safety protection from March 2020 to February 2021. Immediate supervisor forced complainant to meet resident in close contact without PPE (personal protective equipment). NYCHA's Environmental Health and Safety (EH&S) department run by incompetent supervisors and leadership which made enormous toll paying by NYCHA residents and employees that can be analyzed from COVID 19 statistics & correspondence with EH& S department correspondence attached. **(Attachment -6)**

22. Complainant was forced to drop an online class (quarter) because of number 21 paragraph retaliatory incidences and occurrences and that cost complainant suffered mentally, financially, and physically. Even complainant was not approved for medical leave asked for more than two days regardless of supervising manager was informed about complainant COVID antibody test positive and need rest.

23. CASE SUMMARY NOTE:

I. This case is not **arbitrary or capricious**, it is a chronological incidence of persistent retaliation that starts with my complaining on Research Scientist position hiring discrimination in 2006/ 2007 (I was interviewed but after I complained, I am blacklisted for this position for more than 12 times I applied including last one in the beginning of 2021. Once inquiry with the Hiring manager said to me (Complainant) they did not get my application from HR to consider and asked advised to contact NYCHA HR.

II. Since then I was continuously disqualified for many jobs I applied until (2012) complaint was filed with the public advocates and public advocates contact NYCHA result in changed the status of nonqualified to qualified and then in 2014 Complainant (me) was interviewed for more senior positions to those positions I was kept in record as nonqualified by Respondent, NYCHA (Attachment -2 & Attachment 1, Ex.FF).

III. I applied for an M2 level position of my expertise (health-related) in /around 2012 but I was interviewed for M4 level position (economics) of an area where I don't have expertise which was the result of my inquiry with hiring manager Tonya Gayle (who was then transfer to a different department after my complaining shared with NYCHA executive). (Attachment-1, Ex. FF.)

IV. I applied for more than **300 vacancies** since 2002. I am qualified and even best qualified as per some of the hiring manager's opinion, but I was rejected for all positions by NYCHA's HR and related executive. There is no such second case in NYCHA (New York city housing authority's history of employment like the way Complainant was treated for 18 years and continued).

V. Complainant made many contributions in NYCHA executive decision making in many areas (policy development and change) it was recognized but not rewarded or recommended.

VI. NYCHA encouraged Complainant to suggest, and Complainant shared on many of the supervisory incompetency report with documentation to the NYCHA executive - the only action was taken just transferred them to other place and no other action was taken for improvement and most of the time NYCHA used those incompetent supervisor ( recognized by executive) to retaliate Complainant giving hard time and consistently aggravate retaliation unless or until they got a transfer as result of mediation with union or related concern. (Attachment-7). Manager T. Gamble transferred but retaliation memo did not remove from record as requested).

VII. Many time NYCHA used its supervisor to investigate Complainant competency level and every time it was documented by performance that Complainant competency level 3/4 times more worthy than their expectation like if there is an expectation for 5 assignments to be completed before end of the (to testify skill), I, Complainant completed 20 such assignments with is the same time. Thus build many competency records with NYCHA supervisors and I documented it (Attachment-8, Alexander, Davis, Scotland mail)

VIII. NYCHA used its supervisor to retaliate against Complainant in an autocratic fashion by issuing memos that contain false and discriminatory contents and with the help of the union, it was overturned once issued by Latoya Ramseur & Allison Mclean and for the last one (11/2/2020) accepted Complainant's explanation by their supervisor Ms. Taylor and agreed to attach Complainant explanation with memo where it was send, also the memo itself carry evidence of supervisory incompetence. (Attachment-3)

IX. Respondent's HR - restricted the supervisors to give reference letter/appreciation letter since Complainant filed Article 78 with NYS Supreme court and, HR itself did not give a reference letter was mandatory for a George Washington University (course MPH, 12 th in the nation) admission.

X. Some of the hiring managers said and noticed Complainant as the best candidate for the job (Adriana Mata, and Keren P.) NYCHA's decision-making executive Kerri Jew said they hired less qualified candidates because no one found with optimum qualification for which I applied.

XI. NYCHA EH&S unit forbidden Complainant to use a mask during COVID pandemic session beginning in March, 2020 and Complainant immediate supervisors forced Complainant to work unprotected which was numerous time broad attention to NYCHA executives, but it was too late when the required health protection permitted or PPE was approved because by this time I (Complainant) was already infected by COVID 19 and was force to drop online schooling for COVID 19 but continued working for Respondent, NYCHA as an essential worker to till date. As a public health professional Complainant respectfully requests to this court for taking initiative for public health interest and order NYCHA to remove the incompetent NYCHA health officer and other executives and replace it by well educated, experienced, and competent health professional. Statistic says, for the high rate of COVID -19 incidences (2.9%) in NYCHA was due to supervising incompetence regardless of first and prompt government funding released for protecting NYCHA residence (Attachment-6).

XII. In paragraph 13 Complainant mentioned, the prior legal procedure on this case with CCHR permitted to appeal in NYS supreme court and supreme court review permitted to sue Respondent which is also approved by EEOC granting 90-day notice to file a complaint in this supreme court with an option for EEOC. Respondent also reminded Complainant this 90 days' time restricted notice by sending a copy of the EEOC notice to job address.

24. Federal /NY State / NYC law / DCAS: None of the low enforcement agency permit discrimination followed by retaliation and harassment that Respondent, NYCHA practiced on Complainant. (Attachment -10). Complainant is a sufferer because of Respondent persistent retaliation and harassment and the last incidence was reported occurred on /around November 2, 2020, and after and it is keep going need to be stopped and Complainant seeking appropriate judgement that is lawful reimbursement that this honorable court justified. It could be an appropriate placement of a respective position with responsibility and combination of placement and reimbursement that complainant deserved considering all and the best qualified position which is also could be the best interest of Respondent because it is proven in many ways responsible position within Respective areas in NYCHA are occupied by unqualified person ( 18 of them were removed including high profiled executive like Ms. C. P. in 2019 but many more sitting there to exercise worthless nepotism) and publics are not getting best public services as a result which reporting are available in authentic social medias (Attachment 9). Complainant in not only one making complaint on Respondent corruption and retaliation against him. NYCHA is not an equal opportunity practitioner and not respectful to Civil Right Act which is prohibited by law but Respondent not respectful to it. The numerous statistical surveys indicating, from the top of the corrupted agency ranking Respondent, NYCHA position stand for first one or second. Survey on NYCHA employees says job satisfaction in NYCHA is less than 25% and around 50 % or more employees do not appreciate the way they are treated (Attachment -11).

WHEREFORE, the complainant /plaintiff demand judgement against respondent/defendant whatever this honorable court justified considering the suffering and loss of complainant that is against the law of equal opportunity against respondent retaliation and harassment.

_____ SHYAMAL GHOSH
42-52 Layton Street, 1D, Elmhurst, NY 11373
Ph: 646-220-6400

16 day of June, 2021.

_____
_____
_____
_____
_____
_____
_____
_____
_____

Dated: 6.16.2021

_____
[sign your name]

Shyamal Ghosh
[print your name]

Shyamal Ghosh
[your address]

42-52 Layton St. 1D
Elmhurst, NY 11373
646-220-6900
[your telephone number]

VERIFICATION

STATE OF NEW YORK
COUNTY OF _____ ss:

Shyamal Ghosh, being duly sworn, deposes and says:
I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
[sign your name in front of a Notary]

Shyamal Ghosh
[print your name]

Sworn to before me this
16 day of June, 2021

_____
Notary Public

06-16-2021

MD A HOQUE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6216412
Qualified In Queens County
My Commission Expires 02-08-2022

CommenceAction – Rev. March 2021

EEOC Form 161 (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Shyamal GHOSH<br>42-52 Layton Street<br>Apt. 1d<br>Elmhurst, NY 11373 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16F-2017-00142 | Holly M. Shabazz,<br>State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

/s/ Judy Keenan

Judy A. Keenan,
District Director

March 23, 2021

(Date Issued)

Enclosures(s)

cc:
Attn: Director of Human Resources
NEW YORK CITY HOUSING AUTHORIT
Legal Department
90 Church Street
New York, NY 10007

[Litigation back: Fill out right side of form only]

******************NOTICE OF ENTRY*******************

Sir/Madam:

Please take notice that the within is a (certified) true copy of a _____ duly entered in the office of the clerk of the within named court on the ___ day of _____, 20___

Dated: 

Attorney for: _____

Yours, etc.

_____

_____ Office and Post

_____ Office Address

To:
Attorney(s) for _____

***************NOTICE OF SETTLEMENT****************

Sir/Madam:
Please take notice that an _____ of which the within is a true copy will be presented for settlement to the Hon. _____, one of the Justices of the within court, at _____, on _____, 20__ at _____ AM/PM.

Dated: _____, 20__   Yours, etc.

Presenting Party _____

2021 JUL 17 PM 2:49

LAW DEPARTMENT
NYCHA
RECEIVED

To:
Attorney(s) for _____

CommenceAction – Rev. March 2021

INDEX NUMBER _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of
Shyamal Ghosh

Petitioner,

- against -

New York City Housing Authority

Respondent,

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers and the contentions therein are not frivolous as defined in subsection (c) of section 130 1.1 of the Rules of the Chief Administrator (22NYCRR).

Sign Name: _Shyamal_

Print Name: Shyamal Ghosh

Address: 42-52 Layton St, 1D
Elmhurst, NY 11373

Telephone: 646-220-6400

Service of a copy of the within is hereby admitted

Dated: _____, 20__

Attorney for _____