**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In the Matter of the Complaint of:

SHYAMAL GHOSH.,

                        Plaintiff,                   Civ No. 1:21-cv-06139(AT)(BCM)
- against -                                  **[AMENDED COMPLAINT ]**
                                                           VERIFIED

NEW YORK CITY HOUSING AUTHORITY,

                        Defendant.
----------------------------------------------------------------x

On the 29 th day of September 2021, the court has conducted an initial scheduling and planning conference pursuant to Fed. R. Civ. P. 16 and Local Rule 16.2 and ordered for a new conference date later giving permission to the plaintiff to submit an amended complaint by the end of October 2021.

## ISSUES OF THIS CASE (AMENDED COMPLAINT)

1. This retaliation and harassment case was filed with the NYS Supreme Court (Index No. 100777/2021, around June 17, 2021) following standard procedure and instruction are given by the supreme court and which was adopted by EEOC later. The case was filed because the plaintiff needs relief from the respondent (employer) persistent retaliation and harassment for more than a decade. The defendant's discrimination against the plaintiff is the history of this case which was based on race, age, ethnicity, and national origin and those are not the only reason. Plaintiff speaks for the working environment, nepotism, supervising incompetency, improper and unequal distribution of assignment, civil rights, and many other issues (Attachment 12, 13, CCHR cross-motion).

2. Defendants bring this case to this court based on the history of the case filed with CCHR on or around February 8, 2017, for which the CCHR took more than two years for case counseling before accepting the plaintiff's case for filing as a CCHR Complaint No. M-E-ARO-17-1035223 (Federal Charge No.16F-2017-00142). (Attachment-4). It was also

the explanation given by the defendant's prior attorney Ms. Sheri Dandridge on shifting the case from the supreme court to this Southern District Court.

3. Plaintiff also brought attention to the supreme court case filing to take public interest into consideration and necessary action in investigating the public housing leadership corruption which results in supervising incompetency, nepotism, and retaliation in hiring affecting the public service for NYC Housing Authority (NYCHA). Due to incompetency in the Environmental Health and Safety (EH&S) department of NYCHA, the current COVID -19 pandemic in one single development killed 32 residents and one person of each two-family (average) infected by COVID -19. (Attachment-12,13,) Plaintiff is one of the COVID survivors (Attachment -16) also witnessing how leadership incompetency and poor supervising instruction led to dying a coworker with COVID symptoms.

4. Plaintiff experienced health professional having expertise in public health and environment has been repeatedly harassed and consistently retaliated against him for expressing interest to serve in public housing health, environment, and safety. (Attachment- 14, 13,12). This is one of the many scenarios existing with the NYCHA leadership that the plaintiff addressed to the defendant's attorney and different executive levels (both internal external like NYC Mayor's office, NYCHA monitor) (Attachment- 6,7,12,13).

5. Plaintiff's job placement in an appropriate area like EH&S not only could give relives to plaintiff sufferings but also might help to improve service to NYCHA resident's and that is also a crystal-clear realization from the discussion and sharing with defendant attorney Ms. Sheri Dandridge and her supervisor Mr. Sean Patrick Wilson. Mr. Wilson (Attachment-14,12,13,8).

6. Defendant attorney Mr. Sean Patrick Wilson realization and an imperial judicial investigation for those questionable job placing ( more than seventy positions filled out at EH&S department within the last two/ three years where the plaintiff was an applicant for several positions and internally highly qualified candidate for the top-most position, NYCHA health officer ) rearrangement by the right person in the right place could help to resolve NYCHA's supervising incompetency in the area like Environmental Health and Safety ( EH&S), the areas of public housing where health, environment, and safety is highly risked due to supervising incompetency as a result of hiring malpractice, nepotism

2

& corruption in hiring. Defendant continuous retaliation against the plaintiff deprived him to be appointed in a position that he most qualified for serving the NYC public housing (Attachment-9.12,13,14).

7. Public housing resident has the right to get an environment for healthy living and to facilitate this process, first, it is required to remove those incompetent executives who failed to give services that public housing resident deserves, although the recent loss of life and a high percentage of COVID -19 infection in public housing and their suffering is not recoverable. Plaintiff's prayer to this court also for considering public health and safety issues to take necessary action to investigate the factuality to remove those incompetent leaders holding the NYCHA health officer position and the other health-related areas without proper and required education and skills and replaced by qualified one (Attachment-12,13,14,11,9).

8. It is not an unusual or arbitrary and capricious asking, and for the similar reason, Mayor Bill De Blasio either removed or forced to resign the former incompetent health commissioner, Dr. Oxiris Barbot, under the HUD requirement NYCHA changed the former CEO Shola Olatoye, demoted NYCHA's former General Counsel Kelly D. MacNeal and in 2019 about 18 executive-level incompetent NYCHA staffs were either removed or forced to resign. Plaintiff brings these examples to this court to make understand that how much in bad shaped the NYCHA is in terms of supervising incompetency and that affected plaintiff and retaliated against him being vocal and promising personality to make a difference. (Attachment-9,12,13,5,6).

DEFENDANT'S RETALIATION AND HARASSMENT AGAINST PLAINTIFF

9. Plaintiff consistently facing defendant retaliation against him. Defendant retaliation and harassment against plaintiff submitted in detail with to this court in initial case submission on and around August 14, 2021, with eleven attachments. Plaintiff respectfully requests to consider those incidences and evidence submitted. Here, the plaintiff is also willing to share with this amended complaint additional attachments (12,13,14,15,16,17) with **court permission** (contain personal information) that reflects the recent incidences, and some less sensitive information are also shared with the defendant's present and the prior attorney representing this case following the rule

of 26(a)(1) (Attachments 12 and 13). These attachments also contain e-mail correspondences with the NYCHA's EH&S department (Y. Armstrong) that reflects hiring malpractice, supervising incompetence, nepotism, and harassment besides persistent and chronologies of NYCHA retaliation (Attachment-6,7,13).

10. As a part of NYCHA 's retaliation consistency manager, Tedric Gamble & his assistant issued the last memo around November 2, 2020, right after a virtual town hall meeting with the NYCHA chair where the plaintiff publicly illustrated on supervising incompetency (Attachment-3), and memos issued before which are used as negative records on employees performances that are used to prohibit the promotional opportunity and used against giving recognition to employees creativity such as declined to be engaged with voluntary activity like NYCHA field ambassador performance. (Attachment-13, 12).

11. To apply for more than 300 vacancy postings plaintiff invested time, merit, and money most of them are not even considered or processed to be considered for an interview. The plaintiff's inquiry on these job applications not considered sometimes resulted in the defendant asking to be interviewed for such a position that the plaintiff did not apply and not even have required qualification for the vacancy which result in under-filling of the issues of why the plaintiff was not considered for the vacancies that plaintiff applied, most qualified, and related to his education and experience. (Attachment-1/Exhibit FF, GG).

12. To continue defendant retaliation against the plaintiff, the defendant's human resources (HR) unqualified plaintiff for many positions that are plaintiff qualified (Attachment-2), and it was continued for years until the public advocates' did inquiry and asked on behalf of the plaintiff but the retaliation did not stop, continued in one way or the other like not referring plaintiff's job application to hiring pool ( Attachment-1/Exhibit FF,GG), sending a message to hiring manager with negative information against the plaintiff. After the 2006 Research Scientist job interview plaintiff applied for different levels of Research Scientist positions (more than 12) but was never again considered. Plaintiff's contact with hiring manager Ms. Tonya Gayle, Ms. Sybille Louis stated HR did not forward the plaintiff's application to be considered and advised to contact HR.

13. The plaintiff was harassed by placing negative information in the plaintiff's personal record folder and it was never disclosed to the plaintiff on his request to see the personal folder but used and shared with different third parties without the plaintiff's knowledge. Plaintiff acknowledges here with this case the last two pieces of information about the retaliatory memos issued against the plaintiff are in the plaintiff's knowledge when issued. One was issued on and around January 11, 2018 (Attachment-13), and was removed from the plaintiff record as a result of plaintiff protest and the labor union representative, Mr. V. Latimore mediation, but the other one, the last retaliatory memo issued around November 2, 2020, was not removed, although the inclined manager Tedric Gamble was transferred from plaintiff's job location Marcy Houses and his supervisor RAM Renee Taylor was also transferred (was acknowledged about misinformation shared in memos against the plaintiff) after plaintiff complaint to NYCHA Compliance in relation to incompetency and retaliatory memos issued (Attachment-3).

14. Thus, many of such memos were acknowledged to the plaintiff more than ten years after being stored in the plaintiff record when the article 78 case "review" was filed with NYS Supreme Court in 2017 (Index no. 101709/17), and that sharing was with the CCHR motion /cross-motion filing attachments, never shared with the plaintiff before even when defendant shared it with CCHR case responded. Also, those retaliatory actions are biased, some are older than a decade with backdated not even like the plaintiff 's information clarity and the related managers are either transferred (disciplinary action) from the plaintiff's job location or already left NYCHA.

15. Moreover, NYCHA policy does not permit NYCHA to use more than 18 months older memos against an employee's promotional credential evaluation (Attachment-1/Exhibit CC) but NYCHA used its rule arbitrarily against the plaintiff during CCHR case filing. NYCHA used the plaintiff's immediate supervisor to create false information against the plaintiff about the plaintiff's attendance record (Attachment-1/Exhibit EE), performance record, stressed out with unequal job distribution, the unequal expectation for on-the-job performance, discriminate against plaintiff's seniority level and benefits (Attachment-8,13, Attachment-1/Exhibit II). Plaintiff admits to considering the prior submission as part of retaliation instances.

16. The incompetent supervisors NYCHA used against the plaintiff for retaliation eventually after some time they are either demoted ( RAM-Alexander Melethil), forced to resign for incompetency (RAM -Eddie Mendez), Transferred (Tedric Gamble, Leroy Scotland), Someone ( RAM -Renee Taylor ) passed the assistant manager civil service test ten years after the plaintiff passed it and the last retaliatory memo issued upon her instruction in the same day plaintiff criticized supervising incompetency in a virtual town hall meeting with NYCHA Chair. These are the supervisors of NYCHA used to retaliate against the plaintiff issuing memos, unequal assignment distribution, creating barriers to good job performance (changing assignments, job area, and building). (Attachment-1/Exhibit EE, FF).

### NYCHA Leadership Incompetency Affected Plaintiff Life and Risky for All Concern

17. Due to supervising incompetency, negligence, and failure to maintain the COVID -19 safety policy (wearing mask, social distancing, and unavailability of other safety practices) percentage of COVID 19 infection is higher at the NYCHA facility, and death from covid is also higher. As a victim of COVID 19 infection plaintiff still struggling with post-COVID side effects and complications. Plaintiff, background with Health profession made several advisory and suggestions for improving safety and protection against health risks. Even it was found that plaintiff's made suggestion on employees' health monitoring was implemented almost one year after when the instruction /order was created from the NYS governor's office. (Attachment-12,13,14,16)
18. Plaintiff was prohibited to use mask at the beginning of March 2020 by defendant EH&S assistant director Yvonne Armstrong, also it was later implemented by the NYCHA executive office (Chairman notice and the notice from Management Service Department). It is attention-drawing that the EH&S department failed to carry out its responsibility who supposed to guide with COVID update to the other departments on health and safety issues (attachment -6,13). Plaintiff made suggestions and advice for COVID 19 related misinformation sharing and unethical survey practice (creating webinar on COVID 19)

   which was acknowledged, but not appreciated for issues and questions that need to be addressed in this regard (Attachment -12,13).
19. These incompetency issues are addressed to all NYCHA executive levels, including defendant attorney but still, there are no initiatives taken to remove or replace those incompetent employees taking the role of health and safety director and creating indirect risk for nearly half-million public residents & 12 hundred employees health and safety. Due to the supervising incompetency in the EH&S department still, now supervisor failed to create and exercise standard health protection approved by CDC (a federal agency) as well as to share and provide optimum guidelines for preventive health care following recommendations like guidelines from CDC. (Attachment-12,13,9,6).

To address NYCHA leadership incompetency, Brooklyn borough president and democratic mayoral candidate **Eric Adams** calls for overhaul of NYCHA management stating "NYCHA has failed, and the management is an embarrassment to the people who live in public housing." Illustrated in 'NYCHA in News' and by Janaki Chadha, Politico, October 6, 2021.

Congressman **Jamaal Bowman** in his recent visit to NYCHA property expressed his impression stating as "safe, affordable housing" to low- and moderate-income New Yorkers. 'In recent years, however, the New York City Housing Authority, or NYCHA, has become a poster child of environmental injustice' (Source NYCHA Department of Communications, 2021-9-29 Media Clips)

Defendant escaping most of the issues stating 'allegations vague, incomprehensible, or unintelligible as written' on purpose to ignore the incidences and the burden to meet the remedy of a huge volume of incidences that the plaintiff faced and suffered for retaliation and harassment against him. Plaintiff requesting the court's attention in advance to take initiatives for testifying the relevant person (NYCHA Employee) issuing orders to testify as a fact witness in case of the plaintiff submitted document does not satisfy the defendant or the court acceptance as verified evidence. Defendant's role of denials without any supporting document or stating not knowledgeable is a decade old practice. It is capricious and fully arbitrary. Plaintiff pain and suffering are real defendant's retaliation complaints against plaintiff need relief.

## HISTORY OF CASE

20. Since correspondence with CCHR on and around the beginning of 2014, CCHR spends more than two years taking the case officially for filing on and around February 8, 2017. CCHR mistreated with plaintiff that was mentioned in the supreme court order (Attachment- 4). The supreme court disposed of the article 78 review, which was CCHR advised in its final order and advised to sue defendant individually within the time limit escaping CCHR giving an explanation on CCHR rules and regulation that permit them not to investigate each case like this case actually allow to sue the defendant (Attachment - 4). Before filling the case with CCHR plaintiff filed a complaint of hiring discrimination and retaliation against him with NYCHA internal DEO on several occasions since 2011 (Attachment -5 and acknowledged in CCHR verified answer to supreme court filing) and every time internal DEO, NYCHA IG office, mayor's office keeps running around plaintiff to each other door. Before filing with DEO plaintiff filed several complaints with NYCHA human resources since 2006 right after an interview for a research scientist position with the NYCHA research department. Plaintiff is requesting this court to consider all attachments submitted with the supreme court and shared with this court primary case filing.

## DAMAGE CLAIM AND RELIEF DEMAND

21. Defendant persistent retaliation and incompetent supervising created enormous physical, mental, and emotional damages that were unrecoverable. It required the plaintiff to take medical advice from doctors, specialists, treatment here and abroad, stress-relieving therapies here and abroad (being a dual citizen of the United States and Bangladesh). Being a health professional plaintiff minimized and recover from some damages exercising and practicing knowledge as a registered health practitioner in Bangladesh (Attachment -14,16).

22. Plaintiff still suffers from sleep disturbance, a respiratory issue like breathing problem, COVID 19 related other health complications are still under treatment and investigation. Plaintiff could not enjoy the life of being kept under stress and retaliation since 2006 to date. Plaintiff could not get admitted to nationally graded 12 th university course on

public health due to NYCHA's did not give job-related reference letter. Plaintiff could not participate in HUD healthy home program article competition because NYCHA did not approve, and related departments (healthy home, health initiatives) did not cooperate.

23. Plaintiff infected by COVID 19 to give essential service under incompetent supervisors and was not permitted for requested medical leave. Plaintiff dropped from MPH course during COVID -19 essential service due to COVID 19 related sickness and financial damage occurred for two quarters tuition payment and six-month delay for graduation besides mental and emotional damages which is unrecoverable (Attachment-13, 16).

24. To apply for more than 300 vacancy posting plaintiff invested times, merit, and money most of them are not even considered or processed to be considered. Also seeking a court order for all retaliatory action need to stop including removal of negative information in plaintiff record file because of defendant retaliation.

25. The plaintiff needs relief for all these sufferings and compensation for its that the court justifies, besides, job placement without further delay in an appropriate and honorable position like NYCHA health office or close to equivalent for which plaintiff is most qualified. It could partly relieve and minimize plaintiff losses and suffering in many ways which are also could be beneficial to NYC public housing residents to have better services in the areas of environmental health and safety for which NYCHA is committed to federal agency HUD.

26. If relief is not granted, plaintiff will be irreparably denied rights secured by the EEO laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment. Asserting these EEO rights is called "protected activity," and it could be many forms that plaintiff illustrated in whole amended complaint and before in initial case filing. It is unlawful to retaliate against applicant or employee which is the core issue of this case.

## MEMORANDUM OF LAW

Title VII of the Civil Right Act of 1964 makes it unlawful to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

Retaliation for the exercise of First Amendment rights is a **blackletter constitutional violation**. This means that the plaintiff's speech or expression was the type traditionally covered under the First Amendment. In fact, an act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper. Plaintiff demonstrated his engagement in protected conduct. Defendant adverse action taken against plaintiff (issuing memos, changing assignment, treating differently, etc.) and these adverse actions are motivated by plaintiff's protected conduct (suggestion, reporting supervising incompetency, complaining health and safety issues and many others).

WHEREFORE, Plaintiffs prays that court grant such relief as may be appropriate, including injunctive orders, damage, costs, fees.

Respectfully,
Signature: "/s/ Shyamal Ghosh"
(Date: October 28, 2021)
Shyamal Ghosh, Plaintiff, Pro Se
42-52 Layton Street, 1D, Elmhurst, NY 11373.
Ph: 646-220-6400

C/C : (Via e-mail / regular mail)
1. Defendant
Sean -Patrick Wilson
Attorney, NYCHA
90, Church Street, 11 th, Floor, NY, NY 10007

2. Pro Se intake unit, Room 105
Thurgood Marshall Courthouse, 40 Foley Square,
New York, NY 10007

Case 1: 21-cv-06139-AT-BCM

## VERIFICATION

Shyamal Ghosh, being duly sworn, deposes and says: that I am the Complainant herein; I have read (or had read to me) the foregoing Complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.

_____ SHYAMAL GHOSH
42-52 Layton Street, 1D, Elmhurst, NY 11373
Ph: 646-220-6400

VIJAY GYAWALI
Notary Public, State of New York
Reg. No. 01GY6399287
Qualified in Queens County
Commission Expires 10/15/2023

Subscribed and sworn to before me This 29th day of October, 2021.

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

10.29.2021
Dated

Plaintiff's Signature

Shyamal    C    Ghosh
First Name    Middle Initial    Last Name

42-52 Layton Street, 1D
Street Address

Elmhurst    NY    11373
County, City    State    Zip Code

646-220-6400    ghoshsc@aol.com
Telephone Number    Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

VIJAY GYAWALI
Notary Public, State of New York
Reg. No. 01GY6399287
Qualified in Queens County
Commission Expires 10/15/2023

10/29/2021