USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHYAMAL GHOSH,

        Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

        Defendants.

21-CV-6139 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the November 9, 2021 letter-application (Dkt. No. 16) filed by defendant New York City Housing Authority (NYCHA). The application is GRANTED IN PART, as follows:

It is hereby ORDERED that the teleconference now scheduled for December 6, 2021 is ADJOURNED to **December 13, 2021,** at **11:00 a.m**. At that time, the parties should dial (888) 557-8511 and enter the access code: 7746387.

It is further ORDERED, *sua sponte*, that plaintiff may revise and refile his Amended Complaint, so as to comply with this Court's Case Management Order dated September 29, 2021 (Dkt. No. 13), no later than **November 24, 2021.** NYCHA's deadline for answering or otherwise responding to the Amended Complaint (whether or not revised) is extended to **December 10, 2021**.

Plaintiff is reminded that his pleading should tell the Court, to the extent possible: (1) *which statutes or laws* he is suing under; (2) *what NYCHA did* to violate each of those statutes or laws; (3) *who* committed those violations on its behalf; (4) *when* such violations occurred; (5) how plaintiff was injured thereby; and (6) what relief he seeks. The Court notes that the present Amended Complaint suggests on pages 9 and 10 that plaintiff seeks relief under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-3, on the theory that he was retaliated against for engaging in protected conduct under Title VII, and/or pursuant to 42

U.S.C. § 1983, on the theory that he was retaliated against for exercising his rights under the First Amendment. However, he does not clearly identify either the conduct that led to the alleged retaliation (described on page 10 as "suggestion, reporting supervisor incompetency, complaining [sic] health and safety issues and many others") or the conduct that constituted the alleged retaliation (described on page 10 as "issuing memos, changing assignment, treating differently, etc."). Nor, with a few exceptions (*see*, *e.g.*, Am. Compl. ¶¶ 10, 13), does plaintiff state when either the protected activity or the alleged retaliation occurred.

Plaintiff is further reminded that because an amended complaint completely replaces the prior complaint, any facts or claims that plaintiff wants to include from earlier pleadings *must be repeated in the revised amended complaint*. Similarly, if plaintiff wishes to refer to or rely on extrinsic documents (such as the documents he identifies in the Amended Complaint as Attachment-1 through Attachment-17), he must attach them to the pleading.

It is further ORDERED that because the pleadings are not yet settled – and the Court has not yet issued a discovery schedule – defendants need not respond to plaintiff's written discovery requests. The Court will consider whether to issue a discovery schedule at the December 13, 2021 conference.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 16 and mail a copy of this Order to plaintiff.

Dated: New York, New York
      November 12, 2021                SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**